UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

D&J Distributing and
Manufacturing Co.,

Case No. 3:22-cv-599

        Plaintiff,

v.

MEMORANDUM OPINION
AND ORDER

Bella+Canvas Retail, LLC, *et al.*,

        Defendants.

### I. INTRODUCTION AND BACKGROUND

Plaintiff D&J Distributing and Manufacturing Co., is a Holland, Ohio-based corporation which manufactures and distributes air fresheners. (Doc. No. 1-2 at 3). Plaintiff contracted with Saia Motor Freight Line, LLC, a shipping and transportation company, to distribute merchandise to Four Season General Merchandise ("FSGM"). (*Id.*). For reasons that are unclear, on October 21, 2021, Saia delivered the merchandise to an address in Montebello, California which was associated with Bella+Canvas Retail, LLC, and not FSGM.[1] Plaintiff alleges it was unable to secure the return of, or obtain payment for, its merchandise. (*Id.*). Plaintiff then filed suit against Saia and Bella+Canvas in the Lucas County, Ohio Court of Common Pleas, alleging four causes of action under Ohio law and seeking compensatory damages and attorney fees.

---

[1] Bella+Canvas Retail, LLC, was no longer in existence as a business entity at the time of the delivery. The appropriate party appears to be Bella+Canvas, LLC, a single member LLC organized in California, with the same sole member as the terminated LLC. (Doc. No. 1 at 4).

The Defendants removed the case to this Court based upon diversity jurisdiction, (Doc. No. 1), and each Defendant has since moved to dismiss the complaint. Bella+Canvas asserts this Court lacks personal jurisdiction over it, (Doc. No. 3), and Saia argues all of Plaintiff's state-law claims are preempted by federal law and must be dismissed. (Doc. No. 5).

Plaintiff did not respond to either motion and the deadline to do so has passed. *See* Loc. R. 7.1(d). "A plaintiff must oppose a defendant's motion to dismiss or otherwise respond or he waives opposition to the motion." *Moody v. CitiMortgage, Inc.*, 32 F. Supp. 3d 869, 875 (W.D. Mich. 2014) (citing *Humphrey v. U.S. Att'y Gen.'s Off.*, 279 F. App'x 328, 331 (6th Cir. 2008) and *Scott v. State of Tenn.*, 878 F.2d 382 (6th Cir. 1989) (unpublished table decision)). I deem Plaintiff to have waived opposition to both motions.

For the reasons stated below, I grant the motions to dismiss.

## II. DISCUSSION

### A. PREEMPTION

Plaintiff asserts four state-law claims against the Defendants: (1) breach of contract / unjust enrichment; (2) specific performance / constructive trust; (3) theft / conversion / fraud; and (4) negligence. (Doc. No. 1-2 at 4-6). Saia contends Plaintiff's claims against it are preempted by the Carmack Amendment to the Interstate Commerce Act, which governs the liability of interstate carriers for lost or damaged goods. (Doc. No. 5-3).

The Supreme Court has held, through the passage of the Carmack Amendment, that Congress completely preempted state law claims against interstate carriers. *See, e.g., W. D. Lawson & Co. v. Penn Cent. Co.*, 456 F.2d 419, 422 (6th Cir. 1972) ("'Almost every detail of the subject is covered so completely that there can be no rational doubt but that Congress intended to take possession of the subject and supersede all state regulation with reference to it.'" (quoting *Adams Express Co. v. Croninger*, 226 U.S. 491, 506-07 (1913))); *Automated Window Mach., Inc. v. McKay Ins.*

2

*Agency, Inc.*, 320 F. Supp. 2d 619, 620 (N.D. Ohio 2004) (holding cases interpreting the Carmack Amendment "clearly establish that the doctrine of complete pre-emption eliminates state law claims against carriers").

I conclude Plaintiff's state-law claims against Saia are completely preempted and grant Saia's motion to dismiss. (Doc. No. 5).

B. **PERSONAL JURISDICTION**

Bella+Canvas moves to dismiss Plaintiff's claims pursuant to Rule 12(b)(2), for lack of personal jurisdiction. (Doc. No. 3). A federal court "assess[es] personal jurisdiction with a two-part test that asks '(1) whether the law of the state in which the district court sits authorizes jurisdiction, and (2) whether the exercise of jurisdiction comports with the Due Process Clause.'" *Premier Prop. Sales Ltd. v. Gospel Ministries Int'l, Inc.*, 539 F. Supp. 3d 822, 827 (S.D. Ohio 2021) (quoting *Brunner v. Hampson*, 441 F.3d 457, 463 (6th Cir. 2006)). "Ohio's long-arm statute grants Ohio courts personal jurisdiction over a non-resident if [its] conduct falls within the nine bases for jurisdiction listed by the statute." *Conn v. Zakharov*, 667 F.3d 705, 712 (6th Cir. 2012) (citing Ohio Rev. Code § 2307.382(A), (C)).

Where jurisdiction over a defendant arises exclusively from § 2307.382, "'only a cause of action arising from acts enumerated in this section may be asserted against' the non-resident defendant." *Id.* (quoting Ohio Rev. Code § 2307.382(C)). Further, "the Ohio long-arm statue requires a 'proximate cause' relationship between the defendant's act and the plaintiff's cause of action. A mere 'but-for' connection is insufficient." *Lexon Ins. Co. v. Devinshire Land Dev., LLC*, 573 F. App'x 427, 429 (6th Cir. 2014) (quoting *Brunner*, 441 F.3d at 465-66)) (internal citation omitted).

As I noted above, Plaintiff did not respond to Bella+Canvas' motion to dismiss and, therefore, did not identify a basis for jurisdiction under Ohio law. There appear to be two potential provisions which might provide for jurisdiction. Under § 2307.382, "[a] court may exercise personal

3

jurisdiction over a person who acts directly or by an agent, as to a cause of action arising from the person's:

> (1) Transacting any business in this state[,] [or]

> (4) Causing tortious injury in this state by an act or omission outside this state if the person regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this state[.]

Ohio Rev. Code § 2307.382(A).

Neither of these subsections provide a basis for personal jurisdiction in this case. Even when read in the light most favorable to Plaintiff, the allegations contained in the Complaint show Bella+Canvas' connection to the Ohio-based Plaintiff was, at best, random. For unknown reasons, Saia allegedly delivered Plaintiff's product to Bella+Canvas' property. While Bella+Canvas acknowledges it sells some of its own products in Ohio, "personal jurisdiction does not exist where the circumstances which may have caused the injury are unrelated to the conduct of business in Ohio." *Signom v. Schenck Fuels, Inc.*, No. C-3-07-037, 2007 WL 1726492, at *4 (S.D. Ohio June 13, 2007) (citing *Brunner,* 441 F.3d at 466) (further citation omitted).

While Plaintiff is an Ohio-based company, it contracted with a Georgia company to deliver its product to California. In short, "Ohio is implicated in this case only by coincidence, not intention." *Premier Prop. Sales*, 539 F. Supp. 3d at 829. Therefore, I grant Bella+Canvas' motion to dismiss for lack of personal jurisdiction.

### III. CONCLUSION

For the reasons stated above, I grant the motions to dismiss filed by Saia and Bella+Canvas. (Doc. Nos. 3 and 5).

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge

4